**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 17-3569

———————

ELIZABETH D. WILLIAMS, an incapacitated person, by and
through Dana Bookbinder, Esquire, as Guardian Ad Litem,
                                                    Appellant

v.

ELIZABETH CONNOLLY, Commissioner, New Jersey
Department of Human Services, in her official capacity;
MEGHAN DAVEY, Director, New Jersey Department of Human Services,
Division of Medical Assistance and Health Services, in her official capacity;
SARA E. MALONEY, Deputy Director of Cape May County
Board of Social Services, in her official capacity

———————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. No. 1-17-cv-01631)
District Judge: Hon. Robert B. Kugler

———————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 14, 2018

———————

Before: JORDAN, SHWARTZ, and KRAUSE, Circuit Judges.

(Opinion Filed:  March 19, 2018)

_____

OPINION[*]

_____

SHWARTZ, Circuit Judge.

Plaintiff Elizabeth Williams appeals the District Court's order dismissing her complaint. Because Williams effectively seeks retroactive monetary relief that would be paid for by the State of New Jersey, we agree with the District Court that the Eleventh Amendment bars her claims and therefore will affirm.

I[1]

Williams has cognitive difficulties, and in 2012, her son, John Davis, Sr., began caring for her. In January 2012, Davis brought Williams to live with him in his home to provide better care and supervision, and the next month, Williams purchased that home from her son for $379,122. Williams required full-time care, which was provided mostly by Davis, with some help from caregivers who assisted Williams on a part-time basis. After being diagnosed with Alzheimer's disease and suffering physical injuries, Williams moved to a long-term care facility in October 2014. In December 2014, Davis purchased his home back from Williams for $1.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Because this case comes before us on a Rule 12(b)(1) and 12(b)(6) motion to dismiss, see Mammaro v. N.J. Div. of Child Prot. & Permanency, 814 F.3d 164, 166 (3d Cir. 2016), we draw the factual background from the allegations in the complaint, which we accept as true, Hartig Drug Co. v. Senju Pharm. Co., 836 F.3d 261, 268 (3d Cir. 2016); Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 693 n.2 (3d Cir. 1996).

2

On March 11, 2015, Williams applied to the Cape May County Board of Social Services ("CMCBSS") for Medicaid assistance. Ultimately, CMCBSS issued a notice stating that Williams was eligible for Medicaid as of March 1, 2015, but she was subject to a "transfer penalty" for having transferred her home for less than fair market value. See 42 U.S.C. §§ 1396p(c)(1)(A)-(B); N.J. Admin. Code §§ 10:71-4.10(c), (m). The penalty covers 1,219 days' worth of Medicaid payments to the long-term care facility. CMCBSS also said that the transfer did not fall within the "caregiver child exemption" to Medicaid ineligibility. App. 43. That exemption provides that a person is not ineligible for Medicaid assistance if the assets were transferred to a child who provided care and was residing in the person's home for at least two years immediately before the person became institutionalized. 42 U.S.C. § 1396p(c)(2)(A)(iv); N.J. Admin. Code § 10:71-4.10(d)(4).[2] CMCBSS stated that Davis had not provided full-time care and that Williams had paid for her own caregiving.

Williams sought a hearing before an Administrative Law Judge (the "ALJ"). The ALJ determined that the caregiver child exemption did apply to the transfer of Williams's

---

[2] The exemption requires that

> [t]he care provided by the individual's son or daughter . . . shall have exceeded normal personal support activities . . . . The individual's physical or mental condition shall have been such as to require special attention and care. The care provided by the son or daughter shall have been essential to the health and safety of the individual and shall have consisted of activities such as, but not limited to, supervision of medication, monitoring of nutritional status, and insuring the safety of the individual.

N.J. Admin. Code § 10:71-4.10(d)(4)(i).

home but upheld a transfer penalty of 87.78 days for transfers of other assets. However, in its final agency decision, the New Jersey Department of Human Services ("DHS"), Division of Medical Assistance and Health Services, found that the exemption did not apply and thus re-imposed the 1,219-day penalty. DHS noted that Williams paid for aides to assist her for approximately 35 hours per week, and Davis owned a business and a home in Florida, which suggested that he did not provide full-time care.

Final agency decisions are reviewable in the Superior Court of New Jersey, Appellate Division, N.J. Ct. R. 2:2-3(a)(2), but Williams did not appeal to state court. Rather, she filed this suit in the District Court against Defendants Elizabeth Connolly, Commissioner of DHS; Meghan Davey, Director of the Division of Medical Assistance and Health Services of DHS; and Sara Maloney, Deputy Director of CMCBSS (collectively, "Defendants"). Williams sued all Defendants in their official capacities, alleging that New Jersey's "policy" imposing a penalty where the caregiver child exemption is met violates and is preempted by federal Medicaid statutes, and violates her Fourteenth Amendment due process rights. App. 45-48 (Dkt. 1, Compl. ¶ 67-87). She seeks (1) to "[e]njoin[] the Defendants from 'interpreting' the Federal and State caregiver child statute and regulation to require only one caregiver, who must be unemployed for two years prior to [the] applicant's institutionalization"; (2) an "[o]rder[ ] [that] Defendants . . . re-determine the Plaintiff's Medicaid application in accordance with the Federal Medicaid Act pursuant to 42 U.S.C. § 1396p(c)(2)(A)(iv)"; and (3) a "grant[] [o]f" "eligibility and exemption of the home transfer from the transfer of asset rules without imposing a transfer penalty." App. 49. The District Court granted Defendants'

4

motion to dismiss on Eleventh Amendment grounds because Williams was challenging the penalty determination—a past action—and essentially sought a damages award because the State would be required to assume the costs of the transfer penalty. Williams v. Connolly, Civ. No. 17-1631, 2017 WL 5479508, at *9-10 (D.N.J. Nov. 15, 2017).

Williams appeals.

## II[3]

Williams argues that her complaint seeks prospective, not retroactive, relief and thus should not have been dismissed pursuant to the Eleventh Amendment. We disagree.

Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 663 (1974) (citing Hans v. Louisiana, 134 U.S. 1 (1890)). That Amendment precludes private actions seeking damages that would be paid out of state funds. See id. Under Ex parte Young, 209 U.S. 123 (1908), however, a private plaintiff may sue state officials for prospective injunctive relief to end ongoing violations of federal law. Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Human Servs., 730 F.3d 291, 318 (3d. Cir. 2013). Without citing the case by name, Williams attempts to frame her claims to fit within the Ex parte Young exception to state sovereign immunity.

---

[3] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's order dismissing Williams's complaint under Rule 12(b)(6). See Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d Cir. 2011).

Ex parte Young does not apply in this situation, as the Supreme Court explained in Edelman. The plaintiff in Edelman asserted that state officials were improperly administering a federal-state aid program. Edelman, 415 U.S. at 655-56. The plaintiff sought, among other things, an injunction requiring the defendants to award the class of plaintiffs all benefits that were wrongfully withheld. Id. at 656. The Court observed that an order in the plaintiffs' favor would have required "payment of state funds, not as a necessary consequence of compliance in the future with a substantive federal-question determination, but as a form of compensation" that would be "measured in terms of a monetary loss resulting from a past breach of a legal duty on the part of the defendant state officials." Id. at 668. Such an "award resembles far more closely the monetary award against the State itself . . . than it does the prospective injunctive relief awarded in Ex parte Young." Id. at 665 (citation omitted).

The same reasoning applies here. Williams seeks declaratory and injunctive relief regarding Defendants' interpretation of the caregiver child exemption and, in particular, injunctive relief requiring Defendants to reevaluate her Medicaid application and find her eligible for benefits without a transfer penalty. That would mean awarding her Medicaid benefits that were withheld as a result of the imposition of transfer penalties, and those benefits would be paid out of State funds. The Eleventh Amendment bars this type of retroactive relief against the State. See id. at 664-68; see also Gage v. N.Y. State Dep't of Health, 204 F. Supp. 2d 399, 401-02 (N.D.N.Y. 2002) (holding, in a Medicaid benefits case, that the Eleventh Amendment barred the plaintiffs' request for recalculation of a

6

transfer penalty period).[4]  Accordingly, the District Court properly dismissed Williams's

complaint.

III

For the foregoing reasons, we will affirm.

---

[4] The cases Williams relies on are inapposite because they involved reinstating benefits from the date of the district court's order rather than a redetermination of benefits, Buckhanon v. Percy, 708 F.2d 1209, 1211, 1215-16 (7th Cir. 1983); Kimble v. Solomon, 599 F.2d 599, 605-06 (4th Cir. 1979), prospective availability and use of medical equipment, Kostok v. Thomas, 105 F.3d 65, 69 (2d Cir. 1997), and injunctive relief regarding notice requirements, Eder v. Beal, 609 F.2d 695, 700-02 (3d Cir. 1979). Williams also relies on Morenz v. Wilson-Coker, 415 F.3d 230 (2d Cir. 2005), to assert that relief also could have been awarded for the three months prior to the District Court's order, but that case concerned a specific Medicaid statute requiring benefits to be made available three months before a present eligibility determination, id. at 233 & n.2, 237; see also id. at 237 ("Here, the order that payments begin retroactively is not compensation for accrued liability, but is rather an incident of the present eligibility determination required by the Medicaid statute itself.").